## SCHAEFER v. BOWERS, Collector of Internal Revenue.

District Court, S. D. New York.

March 10, 1930.

Davis, Polk, Wardwell, Gardiner & Reed and John W. Davis, all of New York City, for plaintiff.

Charles H. Tuttle, U. S. Atty., of New York City (Samuel C. Coleman, Asst. U. S. Atty., of New York City, of counsel), for defendant.

BONDY, District Judge.

This is a motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action. It alleges that the plaintiff was an employee of the Standard Oil Company of New Jersey and participated in its stock acquisition plan, the general purpose of which was to enable employees to become stockholders in the company on favorable terms, and thus to participate in the earnings of the company which their services contributed to produce. A fund was established consisting of sums not exceeding 20 per cent. of the current compensation of each participating employee deducted from his compensation by the company at his authorization and placed in the fund to his credit, and a sum equal to 50 per cent. of his deposit paid into the fund by the company to the further credit of such employee as additional compensation. The fund was applied to purchase stock of the company at a price fixed by the directors as of January 1st each year, not above, nor more than 10 per cent. below, the average market price for the three months preceding. The stock issued in the name of the trustees, who held the legal title thereto, was apportioned by the trustees among the participating employees in proportion to their deposits, and was entered in their respective deposit accounts. An employee withdrawing from participation in the fund at any time became entitled to receive back the amount deposited by him with interest, or, at the option of the trustees, the equivalent in common stock of the company at the average cost thereof to the trustees. Amounts paid into the fund by the company, on account of withdrawing participating employees, remained in the fund for the benefit of the remaining participating employees, and were known as withdrawal accruals. A participating employee remaining in the service of the company until the termination of the plan was entitled to receive stock and cash from the fund as his interest might then appear.

On December 30, 1925, the date of the termination of the plan, the account of the plaintiff showed to his credit:

| | | |
|---|---|---|
| Plaintiff's deposits... | $6,308.00 | |
| Company's payments | 3,154.00 | |
| Dividends | 658.50 | |
| Interest | 13.99 | |
| Withdrawal accruals | 470.02 | $10,604.51 |

Plaintiff paid the income taxes on his salary, including $6,308, the amount paid into the fund therefrom.

Prior to February 24, 1926, the trustees made purchases of the common stock for distribution to the participating employees. Of these shares three hundred and ten were credited to the plaintiff's account.

On February 24, 1926, the plaintiff received three hundred and ten shares of stock and $20.11, the balance remaining to his credit after debiting his account with $10,584.40, the cost of three hundred and ten shares of stock.

In his federal income tax return for 1926, the plaintiff claimed that his taxable income

for 1926 resulting from participation in the fund consisted of:

| | | |
|---|---:|---:|
| Company's payments.. | $3,154.00 | |
| Withdrawal accruals.. | 470.02 | |
| Interest ............ | 13.99 | |
| Dividends ........... | 658.50 | $4,296.51 |

In accordance with a ruling by the Commissioner of Internal Revenue, his income was computed as follows:

| | |
|---|---:|
| Market value of shares on date of distribution ................ | $13,407.50 |
| Plus cash received.............. | 20.11 |
| | $13,427.61 |
| Less earnings deposited by plaintiff formerly reported and taxed as income................... | 6,308.00 |
| | $ 7,119.61 |

This amount of taxable income so computed resulted in an additional tax in the amount of $142.02, which plaintiff paid under protest and is seeking to recover in this action.

The government contends that the difference between $10,584.40, the amount paid for the three hundred and ten shares of stock purchased for the plaintiff at various times, and $13,407.50, the market value of those shares on the day when they were delivered to him, amounting to $2,823.10, was taxable income in 1926. The plaintiff contends that the enhancement in value is not taxable until he sells the stock.

The complaint and the plan state that the purpose of the plan was to enable employees to become stockholders on the terms stated. No statement made in the complaint or in the plan is inconsistent with such purpose. Participation in the plan constituted the acceptance of an offer, and created a contract for the acquisition of stock by the participating employee on the terms and conditions and in the manner stated in the plan, irrespective of the market value of the stock at the time the plaintiff became entitled to the possession thereof or acquired any interest therein. He acquired the stock at the time when, and at a price at which, the company agreed to sell it. The mere fact that he acquired it at a price less than that for which he could have sold it when it was delivered to him, under the terms of the agreement, did not constitute any profit or income subject to a tax.

Appreciation in the value of property is not income within the meaning of the Constitution and Revenue Acts until actually realized by sale or other disposition of the property. Eisner v. Macomber. 252 U. S. 189, 207, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570.

The trustees were not authorized to sell any of the stock acquired by them for the fund. The stock in kind was distributable, not the proceeds thereof.

Section 219(f) of the Revenue Acts of 1924 and 1926 (26 USCA § 960 note), exempting from taxation under that section trusts created for the purpose of distributing to employees the earnings and principal of the fund accumulated by the trust, provides: "The amount actually distributed or made available to any distributee shall be taxable to him in the year in which so distributed or made available to the extent that it exceeds the amounts paid in by him." This provision has no reference to unrealized enhancement of the value of specific property bought with such amounts.

The words "amount actually distributed" mean the amount of money consisting of the earnings and principal of the fund distributed, and not the current market value of stock purchased with such earnings and principal.

In accordance with the provisions of this statute, the dividends, interest, withdrawal accruals, and the company's contributions were not taxable until the year when distributed.

The legal effect of the plan was the same as if amounts contributed by the company had been actually received by the employee, and, together with his own savings, had been invested in stock of the company. The fact that the investment was accomplished through the instrumentality of the trust plan did not affect the nature of the investment.

The motion to dismiss therefore is denied, with the usual leave to defendant to serve an answer to the complaint.